

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-2-2006

# Noonan v. Howmedica Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3091

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Noonan v. Howmedica Inc" (2006). *2006 Decisions.* Paper 631.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/631

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3091

———

BARRY E. NOONAN,
                          Appellant

v.

HOWMEDICA, INC., a subsidiary of Stryker, Inc.;
JACK CHJAKOWSKI; FRED LORESTANO; KEN TRIMMER

———

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 03-cv-00474)
District Court Judge: Honorable William H. Walls

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
June 30, 2006

Before: BARRY, VAN ANTWERPEN and JOHN R. GIBSON,[*] <u>Circuit Judges</u>.

(Filed: August 2, 2006)

———

OPINION OF THE COURT

———

_____

   [*] Honorable John R. Gibson, Senior Circuit Judge, United States Court of Appeals for
the Eighth Circuit.

JOHN R. GIBSON, Circuit Judge.

Barry Noonan brought an action for age discrimination and breach of contract against his former employer, Howmedica Osteonics Corp., and several of his supervisors. The district court granted summary judgment to the defendants, and Noonan appeals, asserting that the district court erred as a matter of law with respect to his state law breach of contract claim and that material facts are in dispute. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Noonan began working for Howmedica, which manufactures orthopaedic implant devices, as an at-will employee in 1985 and held a number of engineering and manufacturing support positions until Stryker Corporation bought the company in 1998. At that time, his responsibilities were broadened under a new team-based manufacturing process. On October 30, 2000, his team leader informed him that he needed to improve his focus and concentration and later issued a development plan for his work. In January 2001, Noonan received a "below expectations" performance rating, and in March he was placed on a 90-day performance improvement plan. On July 18, 2001, Noonan's employment was terminated after a member of the steering team learned that Noonan had exceeded his budget on a project by $200,000.

At the time of Noonan's termination, Stryker had a discretionary severance pay plan that granted severance benefits to employees who were involuntarily terminated due to a job elimination, office closing, reduction in force, business restructuring, or "other circumstances Stryker deems appropriate." The plan clearly stated that employees

discharged for cause -- which was defined to include "an employee's unsatisfactory performance" -- were not eligible for severance benefits. Noonan argues that he was entitled to severance benefits under the plan because he was involuntarily terminated without cause.

Noonan has failed to create a genuine issue of material fact as to his breach of contract claim, and the district court correctly awarded summary judgment as a matter of law to the defendants. See Fed. R. Civ. P. 56(c). While Noonan contends that he was terminated without cause, at his deposition he admitted to significantly over-running his budget and made two dispositive concessions. When asked, "So because you were terminated for performance reasons you were not provided with any severance," he answered, "That's correct." He further admitted, "I understand that being terminated due to performance there is no severance." Noonan has not presented any evidence tending to indicate the existence of an implied contract that would obligate Howmedica to pay severance in his circumstances. See Troy v. Rutgers, 774 A.2d 476, 482 (N.J. 2001).

We affirm the judgment of the district court.